

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Vinay Limachia
Assistant United States Attorney

970 Broad Street, 7th floor
Newark, New Jersey 07102

973-645-2700

VSL/PL AGR
2018R00177

March 20, 2023

Gordon Mehler, Esq.
Avni P. Patel, Esq.
Walden Macht & Haran LLP
250 Vesey Street, 27th Floor
New York, New York 10281

      Re:   <u>Plea Agreement with David Berkowitz</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client, David Berkowitz ("Berkowitz"), and the United States Attorney for the District of New Jersey ("this Office"). This offer will expire on **April 10, 2023**, if it is not accepted in writing by that date. If Berkowitz does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

      This plea agreement is contingent upon approval by the Tax Division of the Department of Justice.

<u>Charge</u>

      Conditioned on the understandings specified below, this Office will accept a guilty plea from Berkowitz to one-count Information, which charges Berkowitz with willful failure to file a tax return for calendar years 2017 and 2018, in violation of Title 26, United States Code, Section 7203. If Berkowitz enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against Berkowitz personally and stemming from his involvement with Amped Vapor LLC, Amped Vapor Pennsylvania LLC, Summa Retail LLC, Summa Capital Inc., and Coinlinx Corporation, for his willful failure to file U.S. Individual Tax Returns for the calendar years 2017 and 2018.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not

remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against Berkowitz, even if the applicable statute of limitations period for those charges expires after Berkowitz signs this agreement, and Berkowitz agrees not to assert that any such charges are time-barred.

Sentencing

The violation of 26 U.S.C. § 7203 to which Berkowitz agrees to plead guilty in Count 1 of the Information carries a statutory maximum prison sentence of 1 year and a statutory maximum fine equal to the greatest of (1) $25,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Berkowitz is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Berkowitz ultimately will receive.

Further, in addition to imposing any other penalty on Berkowitz, the sentencing judge as part of the sentence:

(1) will order Berkowitz to pay an assessment of $25 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order Berkowitz to pay restitution pursuant to 18 U.S.C. § 3663 *et seq*;

(3) may order Berkowitz to pay the costs of prosecution;

(4) pursuant to 18 U.S.C. § 3583, may require Berkowitz to serve a term of supervised release of not more than 1 year, which will begin at the expiration of any term of imprisonment imposed. Should Berkowitz be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Berkowitz may be sentenced to not more than 1 year of imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without

credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

## Restitution

Berkowitz paid restitution in the amount of $100,467 to the Internal Revenue Service ("IRS") under 18 U.S.C. § 3663(a)(3). If the Court orders Berkowitz to pay additional restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). Berkowitz does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor Berkowitz's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on Berkowitz by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Berkowitz's activities and relevant conduct with respect to this case.

## Stipulations

This Office and Berkowitz will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and Berkowitz waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

## Immigration Consequences

Berkowitz understands that, if Berkowitz is not a citizen of the United States, Berkowitz's guilty plea to the charged offense will likely result in Berkowitz being subject to immigration proceedings and removed from the United States by making Berkowitz deportable, excludable, or inadmissible, or ending Berkowitz's naturalization. Berkowitz understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Berkowitz wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause Berkowitz's removal from the United States. Berkowitz understands that Berkowitz is bound by this guilty plea regardless of any immigration consequences. Accordingly, Berkowitz waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. Berkowitz also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

## Federal Tax Forms 870 and 2504 Waivers

Prior to the date of sentencing, Berkowitz shall: (1) sign and file with the IRS a Form 870 Waiver of Restrictions on Assessment and Collection of Deficiency in Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2017 and 2018; (2) sign and file with the IRS a Form 2504 Agreement to Assessment and Collection of Additional Tax and Acceptance of Overassessment in lieu of filing returns or amended returns, for calendar years 2017 and 2018; (3) provide all appropriate documentation to the IRS in support of such Form 870 and 2504 Waivers, upon request; (4) pay to the IRS all taxes and any penalties owed on those returns, or if unable to do so, make satisfactory repayment arrangements with the IRS; and (5) fully cooperate with the IRS and comply with the tax laws of the United States. Further, Berkowitz agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the IRS to enable them to investigate, if applicable, any and all civil penalties that may be due

and owing by Berkowitz. With respect to disclosure of the criminal file to the IRS, Berkowitz waives any rights under 26 U.S.C. § 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Berkowitz's tax returns and return information.

Furthermore, Berkowitz agrees not to file any claims for refund of taxes, penalties, and interest for calendar years 2017 and 2018 or for any other amounts paid in accordance with this agreement. Berkowitz agrees that the provisions set forth in this agreement concerning his tax obligations are appropriate conditions of Probation or Supervised Release.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Berkowitz. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude Berkowitz from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between Berkowitz and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

By: Vinay S. Limbachia
Assistant U.S. Attorney

APPROVED:

Shawn Barnes
Chief, OCDETF/Narcotics Unit

I have received this letter from my attorneys, Gordon Mehler, Esq. and Avni P. Patel, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____
David Berkowitz

Date: 5/21/23

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, restitution, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____
Gordon Mehler, Esq.
Avni P. Patel, Esq.
Counsel for Defendant

Date: 5/29/23

## Plea Agreement With Berkowitz

## Schedule A

1. This Office and Berkowitz recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2022 applies in this case.

3. The applicable guidelines are U.S.S.G. §§ 2T1.1 and 2T4.1. Berkowitz agrees that he willfully failed to file tax returns for calendar years 2017 and 2018. The parties agree that the combined tax loss for calendar years 2017 and 2018 is greater than $100,000, but less than $250,000. Accordingly, this offense carries a Base Offense Level of 16. *See* U.S.S.G. §§ 2T1.1, 2T4.1(F).

4. As of the date of this letter, Berkowitz has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Berkowitz's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

5. As of the date of this letter, Berkowitz has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Berkowitz's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Berkowitz enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that Berkowitz's acceptance of responsibility has continued through the date of sentencing and Berkowitz therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Berkowitz's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

6. Accordingly, the parties agree that the total Guidelines offense level applicable to Berkowitz is 13 (the "Total Offense Level").

7. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

8.  If the term of imprisonment does not exceed 12 months, and except as specified in the next paragraph below, Berkowitz will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 12 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

9.  Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

   (a) Any proceeding to revoke the term of supervised release.

   (b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

   (c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).